UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:09-CV-1223 CAS |
| PREMIER MORTGAGE CAPITAL, INC., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff CitiMortgage, Inc.'s ("CMI") motion for entry of default judgment against defendant Premier Mortgage Capital, Inc. ("Premier"). Plaintiff moves for the entry of default judgment in the amount of $5,385,075.93, plus costs and attorneys' fees. Plaintiff's motion is accompanied by affidavits and exhibits. For the following reasons, the Court will grant plaintiff's motion for default judgment.

**I.  Background**

On August 4, 2009, CMI filed a complaint against Premier alleging breach of contract arising out of sales of mortgage loans. According to the complaint, CMI was in the business of purchasing, reselling and, servicing residential mortgage loans on the secondary mortgage market. CMI alleges that defendant sold loans to CMI pursuant to an agreement – a "Correspondent Agreement Form 2000" dated December 19, 2005, and a "delegated Underwriting Addendum dated March 12, 2007. CMI alleges that at various times since December 19, 2005, Premier breached the agreement in that it delivered to CMI a number of loans that did not meet various requirements under the agreement. CMI alleges that it gave notices of noncompliance to Premier and demanded that these deficiencies be cured, however, Premier has failed to cure the deficiencies. In the complaint, CMI claims that as

a result of Premier's breaches of contract, CMI has been damaged in excess of $4,000,000. Plaintiff also alleges it is entitled to costs and attorneys' fees.

Premier was served with summons and the complaint on August 12, 2009. Defendant did not answer or otherwise respond to the complaint. CMI moved for the entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, and the Clerk of the Court entered a default against Paragon on October 20, 2009. CMI then moved for the entry of a default judgment, which is the motion presently before the Court. CMI has submitted in connection with its motion for default judgment the affidavits of Eric Randolph and Christopher J. Schmidt, and numerous exhibits.

## II.     Default Judgment Standard

Default judgments are not favored in the law, United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. See Taylor v. City of Ballwin, Mo., 859 F.2d 1330, 1332 (8th Cir. 1988). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoted case omitted). There is a judicial preference for adjudication on the merits. Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993). Entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate only if there is a "clear record of delay or contumacious conduct." Taylor, 859 F.2d at 1332 (quoted case omitted).

Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2008); Taylor, 859 F.2d at 1332. Prior to the entry of a discretionary default judgment, this Court should satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. 10 Moore's Federal Practice § 55.31[2].

2

An entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). "A default judgment by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citing Taylor, 859 F.2d at 1333 n.7). Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973). If the damages claim is indefinite or uncertain, the amount of damages must be proved in a supplemental hearing or proceeding to a reasonable degree of certainty. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818-19 (8th Cir. 2001).

Here, the Court takes the allegations CMI made in its complaint as true, except for those allegations as to the amount of damages, and finds CMI is entitled to default judgment. East Maine Baptist Church v. Regions Bank, No. 4:05-CV-962 CAS, 2008 WL 1732936, at *1 (E.D. Mo. Apr. 10, 2008) (quoting Brown v. Kenron Aluminum & Gas Corp., 477 F.2d 526, 531 (8th Cir. 1973)); see Taylor v. City of Ballwin, 859 F.2d 1330, 1333. n.7 (8th Cir. 1988) ("[A] defendant on default has no further standing to contest the factual allegations of plaintiff's claim for relief.") (internal quotes and quoted authority omitted); Woods, 2006 WL 1875524, at *2 ("A default judgment by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint.") (quoted authority omitted).

### III. **Damages, Fees and Costs**

As for damages, plaintiff submitted affidavits and numerous exhibits in support of the damages it seeks. The Court finds, based on the affidavit of Eric Randolph and exhibits attached

thereto, including loss shreadsheets, that CMI is entitled to $5,385,075.93 in monetary damages for Premier's breaches of contract.

CMI is also entitled to attorneys' fees and costs. In Section 10 of the Correspondent Agreement Form 2000, Premier agreed to pay the costs and attorneys' fees CMI should incur as a result of Premier 's failure to perform under the agreement. According to the affidavit of Mr. Schmidt, CMI retained the law firm of Bryan Cave LLP in connection with its claims against Premier. CMI has incurred $10,531.80 in attorneys' fees and $563.01 in costs pursuing its claims. Mr. Schmidt attests these fees and costs were reasonable and necessary for the preparation and prosecution of the case.

## IV.  Conclusion

The Court finds CMI is entitled to the entry of default judgment against Premier in the amount of $5,385,075.93, together with attorneys' fees and costs in the amount of $11,094.81, for a total judgment of $5,396,170.74.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff CitiMortgage, Inc.'s motion for default judgment against defendant Premier Mortgage Capital, Inc. is **GRANTED.** [Doc. 8]

**IT IS FURTHER ORDERED** that plaintiff CitiMortgage, Inc. is awarded damages against defendant Premier Mortgage Capital, Inc. in the amount of Five Million Three Hundred Eighty-Five Thousand Seventy-Five Dollars and Ninety-Three Cents ($5,385,075.93).

**IT IS FURTHER ORDERED** that plaintiff CitiMortgage, Inc. is entitled to costs in the amount of Five Hundred Sixty-Three Dollars and One Cent ($563.01 ), and attorneys' fees in the amount of Ten Thousand Five Hundred Thirty-One Dollars and Eighty Cents ($10,531.80).

An appropriate judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  4th  day of May, 2010.